IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY LINSTON GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:10-CV-93 (HL) |
| Lt. JACK CARTER, | : | |
| Defendant | : | |
| | : | **ORDER** |

Plaintiff **GREGORY LINSTON GILLILAN,** presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals plaintiff has a prolific filing history. At present, at least eleven (11) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: ***Gillian v. Pollark,*** 1:07-CV-50 (WLS)(M. D. Ga. April 4, 2007); ***Gillilan v. Galloway***, 1:06-CV-71 (WLS)(M. D. Ga. March 5, 2007); ***Gillilan v. Scarborough***, 1:05-CV-172 (WLS)(M. D. Ga. February 2, 2007); ***Gillilan v. Harrison***, 1:06-CV-176 (WLS)(M. D. Ga. January 31, 2007); ***Gillilan v. Bell,*** 1:07-CV-3 (WLS) (M. D. Ga. January 11, 2007); ***Gillilan v. Thomas***, 1:06-CV-122

(DHB)(S. D. Ga. January 10, 2007); *Gillilan v. Johnson*, 1:06-CV-177 (WLS)(M. D. Ga. January 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); *Gillilan v. Cannon*, 1:06-CV-114 (WLS)(M. D. Ga. August 8, 2006); *Gillian v. Hilton*, 1:05-CV-133 (WLS)(M.D. Ga. August 18, 2006)(Additionally, a later appeal was dismissed in this case on May 8, 2007).

Because plaintiff has had at least eleven prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).  The Court notes that plaintiff is incarcerated in the Georgia State Prison in Reidsville, Georgia.  If plaintiff wishes to file a claim alleging that he is in "imminent danger of serious physical injury," the proper venue for such claim is the Southern District of Georgia, where Georgia State Prison is located, not this district.[1]

Therefore, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If plaintiff wishes to bring a new civil rights action against this defendant, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint in the Southern District of Georgia.[2]

**SO ORDERED**, this 8th day of March, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] The Court notes that it has told plaintiff this on numerous occasions in the past.  However, plaintiff continues to file § 1983 actions in the Middle District of Georgia naming only defendants who reside in the Southern District of Georgia and concerning actions that took place in the Southern District of Georgia.  The Court also notes that when plaintiff files these actions, he frequently requests the clerk's office to copy and return numerous documents to him.  The cost of copies made by the clerk's office is $.50.  However, to date, plaintiff has not paid any such fees.  Plaintiff is notified that the clerk's office in the United States District Court, Middle District of Georgia, **WILL NO LONGER PROVIDE FREE COPIES TO PLAINTIFF. PLAINTIFF IS PUT ON NOTICE THAT NO PHOTOCOPIES OF ANY DOCUMENT WILL BE RETURNED TO HIM.**

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.